Doug **SCHREIBER,** Lazaro Collozzo, **Robin Dreizler** and **Frank Cruz,** individually and on behalf of all others similarly situated, Plaintiffs,

v.

The **NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,** Defendant.

**Civil Action No. 95–2026–KHV.**

United States District Court, D. Kansas.

Feb. 13, 1996.

Lori R. Schultz, W. Dennis Cross, Morrison & Hecker L.L.P., Kansas City, MO, Robert G. Wilson, Cotkin & Collins, Los Angeles, CA, Gerald I. Roth, Allentown, PA, for plaintiffs.

Linda J. Salfrank, John J. Kitchin, Swanson, Midgley, Gangwere, Kitchin & McLarney, L.L.C., Kansas City, MO, Craig T. Kenworthy, Swanson, Midgley, Gangwere, Kitchin & McLarney, L.L.C., Overland Park, KS, William C. Barnard, Gayle A. Reindl, Sommer & Barnard, P.C., Indianapolis, IN, for defendant.

### Memorandum and Order

VRATIL, District Judge.

This matter comes before the Court on plaintiffs' *Motion for a Permanent Injunction* (Doc. #35), filed January 9, 1996. Plaintiffs move the Court to enter an order permanently enjoining the NCAA from enforcing or attempting to enforce any compensation limitation against plaintiff Collozzo, the only named plaintiff in this case who is currently employed as a restricted earnings baseball coach. In so moving, plaintiffs rely on this Court's order in *Law v. NCAA,* Case No. 94–2053, 1996 WL 104328, dated January 5, 1996, in which the Court permanently enjoined the NCAA or any related entity from reenacting the compensation limitations embodied in NCAA Bylaws 11.02.3 and 11.3.4 and from enforcing or attempting to enforce any such limitation against Peter Herrmann or Michael Jarvis, Jr., the named plaintiffs in that case who are currently employed as restricted earnings basketball coaches.

In opposing plaintiffs' motion, defendant argues, among other things, that (1) the evidence has not shown that the NCAA violated the Sherman Act with respect to restricted earnings coaches in the sport of baseball; (2) plaintiff Collozzo has presented no evidence that he sustained injury as a result of the restricted earnings coach rule, and therefore he has no standing to seek an injunction; (3) there is no real and immediate threat of injury to plaintiff Collozzo from defendant's actions; and (4) plaintiff Collozzo has an adequate remedy at law and thus is not entitled to injunctive relief.

Without addressing each of defendant's arguments, the Court finds that injunctive relief in favor of plaintiff Collozzo is unwarranted because there is no evidence that he is presently threatened with loss or damage from any action that the NCAA has taken or might take against him. To obtain injunctive relief under § 16 of the Clayton Act, a private antitrust plaintiff must show "threatened loss or damage 'of the type the antitrust laws were designed to prevent and that flows from that which makes defendants' acts unlawful.'" *Cargill, Inc. v. Monfort of Colorado, Inc.,* 479 U.S. 104, 113, 107 S.Ct. 484, 491, 93 L.Ed.2d 427 (1986), quoting *Brunswick Corp. v. Pueblo Bowl–O–Mat, Inc.,* 429 U.S. 477, 489, 97 S.Ct. 690, 697–98, 50 L.Ed.2d 701 (1977); *see also City of Los Angeles v. Lyons,* 461 U.S. 95, 111, 103 S.Ct. 1660, 1670, 75 L.Ed.2d 675 (1983) (plaintiff must show likelihood of substantial and immediate irreparable injury to warrant injunctive relief).

This Court entered its injunction in the *Law* case based on the real and immediate threat that the NCAA members would reenact the restricted earnings coach rule or similar provisions at their annual convention in January 1996. *See Law,* Memorandum and Order, dated January 5, 1996, at 2–3, 7. According to an affidavit submitted by defendant, the 1996 NCAA annual convention has now ended; the NCAA members ratified rescission of the restricted earnings coach rule; no legislation restricting or limiting the compensation of such coaches was presented or enacted at the convention; under their Bylaws and Constitution, NCAA members can introduce and pass legislation only at an annual convention; and the next NCAA annual convention will not be held until January 1997. Plaintiffs have presented no evidence to controvert any of the above facts submitted by the NCAA. In the face of these facts—and also the Court's expectation

that all of the issues in this litigation will be finally resolved by trial before the next NCAA convention—the Court finds that plaintiff Collozzo is not threatened in a real and immediate sense with any injury by the NCAA's actions. Accordingly, the Court declines to enter injunctive relief in his favor at this time.

**IT IS THEREFORE ORDERED** that plaintiffs *Motion for a Permanent Injunction* (Doc. # 35) be and hereby is overruled.